UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: 1:15-CV-22509

MONICA TIPTON,

    Plaintiff,

v.

CARNIVAL CORPORATION
a Panamanian corporation d/b/a
CARNIVAL CRUISE LINE,

    Defendant.
_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY**

Plaintiff, **MONICA TIPTON**, individually, by and through the undersigned counsel and pursuant to the applicable Federal Rules of Civil Procedure, files her COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY against the Defendant, **CARNIVAL CORPORATION a Panamanian corporation d/b/a CARNIVAL CRUISE LINE**, and states:

**PARTIES AND JURISDICTION**

1. This is an action seeking damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

2. Federal subject matter jurisdiction arises under and is by virtue of Diversity of Citizenship pursuant to 28 U.S.C. § 1332, as this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state, and arises under and is by virtue of the admiralty or maritime jurisdiction

pursuant to 28 U.S.C.§ 1333, and is being filed in Federal Court as required by the venue selection clause in the Passenger Contract Ticket issued by the Defendant.

3. Plaintiff, **MONICA TIPTON**, is *sui juris* and is a resident of Blount County and a citizen of the State of Tennessee.

4. Defendant, **CARNIVAL CORPORATION, a Panamanian corporation d/b/a CARNIVAL CRUISE LINE** (hereinafter "CARNIVAL"), is a foreign corporation incorporated in Panama, who is authorized to conduct and does conduct business in the State of Florida, and at all times material hereto was and is doing business in Miami-Dade County, Florida, and is *sui juris*.

5. Defendant **CARNIVAL**, at all times material hereto, personally or through an agent, in the County and in the District in which this Complaint is filed:

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

   b. Had an office or agency in this state and/or county; and/or

   c. Engaged in substantial activity within this state; and/or

   d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

6. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## OTHER ALLEGATIONS COMMON TO ALL COUNTS

7. **DATE OF INCIDENT.** This incident occurred on May 28, 2015.

8. **LOCATION OF INCIDENT.** The incident occurred when the Plaintiff was a lawfully paying passenger aboard the Defendant's, **CARNIVAL,** cruise ship vessel *BREEZE*.

2

ARONFELD TRIAL LAWYERS
3132 Ponce De León Boulevard, Coral Gables, Florida 33134
T: 305|441-0440 F: 305|441-0198
www.aronfeld.com

9. **STATUS OF PLAINTIFF AS OF DATE AND TIME OF INCIDENT.** At all times material hereto, the Plaintiff was a lawfully paying passenger aboard the *BREEZE* cruise ship, accordingly was an invitee while on the vessel.

10. **DESCRIPTION OF THE INCIDENT.** On the date and time of the incident, the Defendant knew or should have known of the dangerous and hazardous condition(s) created by failing to properly illuminate, inspect and maintain a set of stairs located at or near the third level of the theater so that the Plaintiff could and would slip, trip and violently fall as she descended the stairs. The fall resulted in serious bodily injury. Additionally, these dangerous conditions caused or otherwise contributed to severe and debilitating injuries sustained by the Plaintiff. Nonetheless, Defendant, **CARNIVAL**, failed to eliminate the hazard(s) and failed to properly maintain, inspect or warn of such hazards and failed to properly train and supervise its crew such that such an incident could have been avoided.

## COUNT I
## NEGLIGENCE

11. Plaintiff hereby adopts and realleges each and every allegation in paragraphs 1 through 10.

12. **DUTIES OWED BY THE DEFENDANT**. The Defendant owed a "duty to exercise reasonable care for the safety of its passengers" including the Plaintiff herein. See, *Hall vs. Royal Caribbean Cruises, Limited*, 888 So. 2d 654 (Fla. 3d DCA 2004), 2004 A.M.C. 1913; citing *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 79 S. Ct. 406, 3 L. Ed. 2d 550 (1959); *The Moses Taylor*, 4 Wall. 411, 71 U.S. 411, 18 L. Ed. 397 (1866); *Carlisle v. Ulysses Line Ltd.*, 475 So. 2d 248 (Fla. 3d DCA 1985). The Defendant also owed a "duty to exercise reasonable care under the circumstances." See, *Harnesk vs. CARNIVAL Cruise Lines, Inc*, 1992 AMC 1472, 1991 WL 329584 (S. D. Fla.

3

1991).  The Defendant's "duty is to warn of dangers known to the carrier in places where the passenger is invited to, or may reasonably be expected to visit."  See, *Carlisle vs. Ulysses Line Limited*, *S.A.*, 475 So. 2d 248 (Fla. 3d DCA 1985).  *Vierling v. Celebrity Cruises*, 339 F.3d 1309, 1319-20 (11th Cir. 2003).

13. Defendant, **CARNIVAL**, breached those duties and was negligent by:

    a. Failing to maintain or remedy hazardous conditions;

    b. Failing to otherwise warn passengers, including the Plaintiff, of the dangerous conditions;

    c. Failing to inspect for and to observe and resolve the lack of proper illumination of the subject stairs;

    d. Failing to implement a method of inspection which was reasonable and safe and would prevent dangerous conditions such as the one in this case;

    e. Utilizing or allowing negligent training, supervising and retaining its crew to avoid such hazards;

    f. Failing to otherwise maintain the area and the premises in a safe and reasonable manner;

    g. Failing to comply with applicable standards, statutes, and/or regulations the violation of which is negligence *per se* and/or evidence of negligence.

14. Defendant, **CARNIVAL**, failed to timely remedy said dangerous conditions on the subject ship and allowed these dangerous conditions to exist, thereby causing Plaintiff to fall and be severely injured.

15. Defendant either (a) had actual knowledge of the dangerous conditions; (b) had constructive knowledge of the dangerous conditions; and/or (c) would have had knowledge of the

4

ARONFELD TRIAL LAWYERS
3132 Ponce De León Boulevard, Coral Gables, Florida 33134
T: 305|441-0440 F: 305|441-0198
www.aronfeld.com

dangerous conditions had the Defendant implemented a proper method of inspection; and/or (d) created the dangerous conditions by failing to provide warnings and/or failing to remedy the lack of adequate illumination of the subject stairwell.

16. Defendant had constructive knowledge of the dangerous conditions by, inter alia, (a) the length of time the dangerous conditions existed; (b) the size and/or nature and/or obviousness of the dangerous condition; and/or (c) the fact that the dangerous conditions, a similar dangerous conditions, or the cause of the dangerous conditions was repetitive, continuous, ongoing, recurring, or occurring with some regularity.  Thus, the dangerous condition was reasonably foreseeable and in the exercise of reasonable care the Defendant should have known about it.

17. In the alternative, notice to the Defendant is not required because the Defendant (a) engaged in and was guilty of negligent inspection and maintenance; and/or (b) negligently hired, supervised and retained its crew responsible for maintain, inspecting and remedying dangerous and/or hazardous conditions.

18. The negligent condition had existed for a sufficient length of time so that Defendant should have known of it.  The nature of the condition was a foreseeable occurrence in an area designated for passengers and thus required the timely and routine inspection of the premises.

19. The negligent condition and other slipping and tripping hazards occurred with sufficient regularity so as to be foreseeable by the Defendant, and should have been foreseeable by the Defendant.

20. As a result of the Defendant's negligence, Plaintiff has suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity

5

ARONFELD TRIAL LAWYERS
3132 Ponce De León Boulevard, Coral Gables, Florida 33134
T: 305|441-0440 F: 305|441-0198
www.aronfeld.com

for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money.  The losses are either permanent or continuing.  Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

**WHEREFORE**, Plaintiff, **MONICA TIPTON,** demands Judgment against Defendant, **CARNIVAL,** for damages suffered as a result of Plaintiff's bodily injury and pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization and medical and nursing care and treatment, loss of earnings, loss of ability to earn money, loss of important bodily functions, and significant and permanent scarring or disfigurement, which have been incurred or suffered in the past and which will be incurred or suffered in the future; all court costs, all interest, and any and all other damages which the Court deems just or appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, **MONICA TIPTON**, demands a trial by jury on all issues so triable.

**Dated:** this 2nd day of July, 2015.

ARONFELD TRIAL LAWYERS  
Spencer Marc Aronfeld, Esq.  
Florida Bar Number: 905161  
Attorneys for Plaintiff  
3132 Ponce de Leon Boulevad  
Coral Gables, Florida 33134  
E:        Aronfeld@aronfeld.com  
P:        (305) 441.0440  
F:        (305) 441.0198  

By:____*s/Spencer Marc Aronfeld*_____

6

ARONFELD TRIAL LAWYERS
3132 Ponce De León Boulevard, Coral Gables, Florida 33134
T: 305|441-0440 F: 305|441-0198
www.aronfeld.com